**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

VICTOR RONALD,

Plaintiff,

-against-

GENERAL WORKFORCE INC., AUTOMOBILE WORKFORCE LLC and VISHWANATH INDERKARRAN,

Defendants.

-----------------------------------------------------------X

Case No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Victor Ronald ("Ronald" or "Plaintiff") alleges against Defendants General Workforce Inc. ("General Workforce"), Automobile Workforce LLC ("Automobile Workforce") (collectively, "the Company") and Vishwanath Inderkarran ("Inderkarran") (altogether, "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Ronald, a former employee of the Defendants, was not paid minimum wage for all hours worked or overtime. Additionally, the Defendants failed to provide Ronald with a wage notice or wage statements with each payment he received.

2. As such, Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 *et. seq.* ("FLSA") that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages and (3) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) civil damages for statutory wage notice violations, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Defendants' principal place of business is located in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. Plaintiff Victor Ronald ("Ronald" or "Plaintiff") was and is a resident of Queens County in the State of New York.

8. Defendant General Workforce Inc. ("General Workforce") was and is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. General Workforce was and is authorized to conduct business in the State of New York.

10. General Workforce was and is located at 96-16 101st Avenue, Queens NY 11416.

11. General Workforce is a contract staffing firm that delivers workers across various labor-intensive market segments.

12. At all times relevant to this action, General Workforce has been a business or enterprise engaged in interstate commerce employing more than two employees with gross annual sales over $500,000.00.

13. At the all times relevant to this action, General Workforce had employees, including Plaintiff, who directly and regularly engaged in interstate commerce.

14. Defendant Automobile Workforce LLC ("Automobile Workforce") was and is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.
15. Automobile Workforce was and is authorized to conduct business in the State of New York.
16. Automobile Workforce was and is located at 96-16 101st Avenue, Ozone Park NY 11416.
17. Automobile Workforce specializes in warehouse staffing, construction labor, scaffolding services, delivery drivers and construction labor.
18. At all times relevant to this action, Automobile Workforce has been a business or enterprise engaged in interstate commerce employing more than two employees with gross annual sales over $500,000.00.
19. At the all times relevant to this action, Automobile Workforce had employees, including Plaintiff, who directly and regularly engaged in interstate commerce.
20. Defendant Vishwanath Inderkarran ("Inderkarran"), upon information and belief, was and is a resident of the State of New York.
21. Inderkarran was and is employed by General Workforce.
22. Inderkarran was and is employed by General Workforce as Owner.
23. Inderkarran was and is employed by Automobile Workforce.
24. Inderkarran was and is employed by Automobile Workforce as Owner.
25. In those roles, Inderkarran was Ronald's supervisor.
26. Inderkarran worked for both General Workforce and Automobile Workforce at 96-16 101st Avenue, Ozone Park NY 11416.
27. At all times relevant to this action, Inderkarran possessed and exercised the power and authority to hire and fire Plaintiff, determine pay rates, pay Plaintiff, determine work

schedules, and otherwise, establish, control and modify the terms and conditions of Plaintiff's employment.

28. At all times relevant to this action, Plaintiff could complain to Inderkarran directly regarding any of the terms of his employment, and Inderkarran would have the authority to effect any changes to the quality, terms and conditions of his employment.

## FACTUAL ALLEGATIONS

29. On or about April 2022, Ronald commenced employment with the Defendants.

30. In 2023, Ronald was laid off from the Defendants.

31. Ronald recommeced employment with the Defendants after approximatley nine months in 2024.

32. Ronald was employed by the Defendants as a Driver of a 15-seat van.

33. In the role of Driver, Ronald would pick up workers in Queens, NY and drive them to and from different work sites.

34. The Defendants required Ronald to remain on-site at the work site throughout the workday.

FLSA & NYLL Wage Violations

35. Ronald was not provided with a notice upon his hire or annually.

36. Furthermore, the Defendants failed to provide Ronald with a wage statement / paystub with each payment he received.

37. From April 2022 to approximately March 2023, Ronald worked five days per week (Monday to Friday).

38. Ronald would pick up with workers at 6:00 a.m. and drop them off between 7:00 and 8:00 p.m. (13.5 hours per day).

39. In total, Ronald worked 67.5 hours per week.

40. Following his re-hire in approximately January 2024, Ronald worked the same hours – six days per week (Monday to Saturday), for a total of 81 hours per week.
41. Ronald was paid by check for 40 hours of work at the minimum wage rate, regardless of the total number of hours he worked.
42. When Ronald worked on Saturday, he was provided with an additional check for $120.00 (no taxes were withheld).
43. However, at no point was Ronald paid minimum wage for all the hours he worked.
44. Ronald was also not paid overtime for the hours worked in excess of 40 each week.
45. Ronald complanied to Inderkarran and to Randy (last name currently uknonwn) – a Company manager about his wages.
46. In response, Inderkarran told Ronald that he as was only paid for forty hours of work.
47. Throughout Ronald's employment with the Defendants, Ronald was not paid than the required minimum wage in New York for all hours worked.
48. In addition, despite working in excess of forty hours per week, Ronald was not paid overtime.
49. Defendants knowingly and intentionally paid Ronald less than the required minimum wage.
50. Defendants knowingly and intentionally failed to pay Ronald overtime, despite working in excess of forty hours per week.
51. At the time of his hire or at any point thereafter, for the duration of Ronald's employment with Defendnats, Defendants failed to furnish Ronald with a wage notice setting forth his rate of pay, exempt status, overtime rate, method of compensation, regular payday, names of his employers (including fictitious names), addresses and phone numbers for his employer's main offices or principal locations, or any allowances taken.

52. At the time of his hire or at any point thereafter, for the duration Ronald's employment with Defendants, Defendants failed to furnish Ronald with an accurate and complete statement with every payment of wages listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

53. Defendants' failure to provide Ronald with a compliant wage notice and wage statements has caused him concrete harm. Specifically, had Defendants provided Ronald with a wage notice and wage statements reflecting his rate of pay, Ronald would have immediately known Defendants were paying him properly, which would have caused Ronald to complain sooner and more specifically about Defendants' failure to compensate him properly. If Defendants' failed to remediate those complaints, Ronald would have availed himself of remedies such as looking for another job which paid at least minimum wage and / or overtime, complained to the Department of Labor, or contacting counsel sooner than he did – options denied to him because of Defendants' failure to provide a compliant wage notice and wage statements.

54. The failure to provide Ronald with a wage notice and accurate wage statements prevented Ronald from obtaining full payment of wages in a timely fashion.

55. Defendants' violations of the FLSA and NYLL as relating to Ronald's employment with Defendants have been willful.

**<u>FIRST CAUSE OF ACTION</u>**
**(FLSA – Unpaid Minimum Wage)**

56. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

57. By failing to pay the correct statutory minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. Defendants' failure to pay minimum wage for all hours worked caused the Plaintiff to suffer loss of wages and interest thereon. Therefore, Plaintiff is entitled to recover from Defendants his full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**(NYLL – Unpaid Minimum Wage)**

60. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

61. Defendants willfully violated Plaintiff's rights by failing to pay the correct statutory minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

62. Defendants' failure to pay minimum wage for all hours worked caused Plaintiff to suffer loss of wages and interest thereon. Therefore, Plaintiff is entitled to recover from Defendants his full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action

pursuant to NYLL § 663(1) *et seq.*

**THIRD CAUSE OF ACTION**
**(FLSA – Unpaid Overtime)**

63. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as though they were fully set forth herein.

64. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

66. Defendants' failure to pay overtime caused Plaintiff to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from Defendants his unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**FOURTH CAUSE OF ACTION**
**(NYLL – Unpaid Overtime)**

67. Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

68. Defendants willfully violated the Plaintiff's rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and the regulations promulgated thereunder.

69. Defendants' failure to pay overtime premium compensation caused the Plaintiff to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 666(3) *et seq*.

**FIFTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Notice)**

70. Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

71. Defendants have willfully failed to supply the Plaintiff with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hire or annually, containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day designated by the employer; the name of the employer; the physical address of the employer and the telephone number of the employer.

72. Due to the Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**SIXTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

73. Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

74. Defendants have willfully failed to provide the Plaintiff with proper wage statements as required by NYLL Article 6 § 195 (3) with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employer; address and phone number of employer' rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary or other; gross wages; deductions; and net wages.

75. Due to the Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants two hundred fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court GRANT the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

B. An injunction against Defendants' and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

C. An award of compensatory damages as a result of Defendants' failure to pay minimum wage pursuant to the FLSA, NYLL and supporting regulations;

D. An award of compensatory damages as a result of Defendants' failure to pay overtime

compensation pursuant to the FLSA, NYLL and supporting regulations;

E. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation pursuant to the FLSA and NYLL;

F. A maximum of $5,000.00 to Plaintiff for the failure to provide a proper wage notice upon hire or annually;

G. A maximum of $5,000.00 to Plaintiff for the failure to provide proper wage statements pursuant to the NYLL;

H. An award of prejudgment and post-judgment interest;

I. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

J. Such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: August 17, 2026
New York, New York

Respectfully submitted,

**Akin & Salaman PLLC**

*/s/ Robert D. Salaman*

Robert D. Salaman